# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA, | Case No. 1:15-cv-01203 DLB |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT |
| v. | WITH LEAVE TO AMEND |
| FOOD SERVICE, | THIRTY-DAY DEADLINE |
| Defendant. | |

Plaintiff Monico J. Quiroga ("Plaintiff"), an inmate in the custody of the Kern County Sheriff's Department, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 4, 2015.

On November 13, 2015, the Court screened the complaint and dismissed it with leave to amend. Plaintiff filed his First Amended Complaint on February 22, 2016. He names the "Staff Cook" at the "Donny Youngblood Facility" as the sole Defendant.[1]

**A.   SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on November 2, 2015.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    ALLEGATIONS IN COMPLAINT**

Plaintiff is currently incarcerated at the Lerdo-Max Medical Facility in Bakersfield, California. The events at issue occurred while Plaintiff was incarcerated at the Lerdo Pre-Trial Facility in Lerdo, California.

///

///

Plaintiff alleges that on July 12, 2015, at dinner, he was given half of a food portion. Plaintiff contends that this is an ongoing problem and that he has been deprived of his daily nutritional allowance.

On January 9, 2016, Plaintiff was not fed dinner.  He contends that he keeps getting "half trays of main course- 6 oz. sometimes 5 oz. when it should be 8 oz." ECF No. 15, at 4.

A couple of times per month, Plaintiff receives a sack lunch for dinner, as he did on February 1, 2016.  Plaintiff suggests that this does not meet his protein needs, and he is hungry as a result.

Plaintiff alleges that the Cook failed to serve full servings again on February 2, 2016, and he received a sack lunch for two nights in a row, rather than a hot meal.  Plaintiff states that he lost twenty-nine pounds while in custody.

Plaintiff argues that the deprivation was cruel and unusual punishment, and contends that inmates should not be deprived of daily nutrition "by not receiving dinner or a hot meal."  ECF No. 15, at 5.

**C.     DISCUSSION**

In the prior screening order, the Court explained that it would consider Plaintiff to be a pretrial detainee at the time of the events and instructed Plaintiff to advise the Court if this was not the case.  Plaintiff has not disagreed with the Court's characterization.

As a pretrial detainee, Plaintiff is protected from conditions of confinement which amount to punishment. Bell v. Wolfish, 441 U.S. 520, 535-36, 99 S.Ct. 1861 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010).  This right is violated if restrictions are "imposed for the purpose of punishment." Bell, 441 U.S. at 535, 99 S.Ct. 1861.  There is no constitutional infringement, however, if restrictions are "but an incident of some other legitimate government purpose." Id.  In such a circumstance, governmental restrictions are permissible. United States v. Salerno, 481 U.S. 739, 748, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) (holding that the pretrial detention contemplated by the Bail Reform Act is regulatory in nature, and does not constitute punishment before trial in violation of the Due Process Clause).

Plaintiff's claim is based on his contention that he should not be denied dinner or a hot meal.  He also takes issue with receiving less than a full portion on various occasions, and suggests that the sack lunches that he receives are not sufficient to meet his protein needs.

Certainly, inmates must be provided with food that is nutritionally adequate to maintain health.  LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir.1993).  However, to rise to the level of a constitutional violation, the deprivation must amount to punishment.  Not every disability imposed during pretrial detention constitutes "punishment" in the constitutional sense.  Bell, 441 U.S. at 537.  To constitute punishment, the harm caused by the action or condition "must either significantly exceed, or be independent of, the inherent discomforts of confinement."  Demery v. Arpaio, 378 F.3d 1020, 1030 (9th Cir.2004) (citations omitted).

Plaintiff again fails to allege that the deprivation amounted to punishment, i.e., that the deprivation significantly exceeded, or was independent of, the inherent discomforts of confinement.  While Plaintiff states that receiving a half portion of food was an ongoing problem, he identifies only one instance where he received a half portion, and one instance when he did not receive a meal.  Plaintiff also suggested that on two occasions, he received a sack lunch with insufficient protein, rather than a hot meal.  These alleged deprivations do not significantly exceed the inherent discomforts of confinement and do not amount to punishment.

The Court also notes that Plaintiff's allegation that he lost weight while in custody, alone, is not sufficient to constitute harm.  Jayne v. Bosenko, 2014 WL 2801198, at *5 (E.D.Cal. 2014).  Rather, weight loss leading to, or accompanied by, other maladies may suffice.  Id.  Plaintiff makes no such allegations.

For these reasons, Plaintiff fails to state a claim under the Fourteenth Amendment.

### D. **CONCLUSION AND ORDER**

Plaintiff's complaint does not state any cognizable claims against any Defendant.  Plaintiff will be given **one final** opportunity to amend, if he believes, in good faith, he can cure the identified deficiencies.  Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

///

If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is DISMISSED WITH LEAVE TO AMEND;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order;
4. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

   Dated:   **May 11, 2016**                    /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE