UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA, | No. 1:15-cv-01203 DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED |
| v. | |
| FOOD SERVICE, | |
| Defendant. | |

Plaintiff Monico J. Quiroga ("Plaintiff"), a state prisoner, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 3, 2015. On November 13, 2015, the Court screened the complaint and dismissed it with leave to amend. Plaintiff filed his First Amended Complaint on February 22, 2016. Pursuant to Court order, he filed his Second Amended Complaint on May 23, 2016. Plaintiff names Trinity Food Service as the sole Defendant.[1]

**A.    SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on November 2, 2015.

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.    ALLEGATIONS IN SECOND AMENDED COMPLAINT**

Plaintiff is currently incarcerated at Wasco State Prison. The events at issue occurred while he was incarcerated at the Lerdo Pre-Trial Facility in Lerdo, California.

Plaintiff alleges that while he was a pretrial detainee, he was deprived of his daily allowance of nutrition. He states that meals did not meet his protein and caloric needs because he did not receive a full portion. This was a daily, ongoing occurrence at Lerdo.

Specifically, Plaintiff contends that on January 9, 2016, he did not receive dinner. On February 2, 2016, he received sack lunches for two days in a row, with no hot meals.

Plaintiff has lost 29 pounds due to the quality of food and decreased portions.

As relief, Plaintiff requests that he receive his daily food allowance, that protein and calories be counted, and that menus be changed.

**C.     DISCUSSION**

As a pretrial detainee, Plaintiff is protected from conditions of confinement which amount to punishment. Bell v. Wolfish, 441 U.S. 520, 535-36, 99 S.Ct. 1861 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010). This right is violated if restrictions are "imposed for the purpose of punishment." Bell, 441 U.S. at 535, 99 S.Ct. 1861. There is no constitutional infringement, however, if restrictions are "but an incident of some other legitimate government purpose." Id. In such a circumstance, governmental restrictions are permissible. United States v. Salerno, 481 U.S. 739, 748, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) (holding that the pretrial detention contemplated by the Bail Reform Act is regulatory in nature, and does not constitute punishment before trial in violation of the Due Process Clause).

In the prior screening order, the Court explained as follows:

> Plaintiff's claim is based on his contention that he should not be denied dinner or a hot meal. He also takes issue with receiving less than a full portion on various occasions, and suggests that the sack lunches that he receives are not sufficient to meet his protein needs.
>
> Certainly, inmates must be provided with food that is nutritionally adequate to maintain health. LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir.1993). However, to rise to the level of a constitutional violation, the deprivation must amount to punishment. Not every disability imposed during pretrial detention constitutes "punishment" in the constitutional sense. Bell, 441 U.S. at 537. To constitute punishment, the harm caused by the action or condition "must either significantly exceed, or be independent of, the

3

> inherent discomforts of confinement." Demery v. Arpaio, 378 F.3d 1020, 1030 (9th Cir.2004) (citations omitted).
>
> Plaintiff again fails to allege that the deprivation amounted to punishment, i.e., that the deprivation significantly exceeded, or was independent of, the inherent discomforts of confinement. While Plaintiff states that receiving a half portion of food was an ongoing problem, he identifies only one instance where he received a half portion, and one instance when he did not receive a meal. Plaintiff also suggested that on two occasions, he received a sack lunch with insufficient protein, rather than a hot meal. These alleged deprivations do not significantly exceed the inherent discomforts of confinement and do not amount to punishment.
>
> The Court also notes that Plaintiff's allegation that he lost weight while in custody, alone, is not sufficient to constitute harm. Jayne v. Bosenko, 2014 WL 2801198, at *5 (E.D.Cal. 2014). Rather, weight loss leading to, or accompanied by, other maladies may suffice. Id. Plaintiff makes no such allegations.

ECF No. 20, at 4.

Plaintiff has not corrected these deficiencies in his Second Amended Complaint. He again alleges that his receipt of less than a full portion was an ongoing problem at Lerdo, but he only identifies one instance when he did not receive dinner, and two days when he received a sack lunch instead of a hot lunch. As the Court has explained previously, these alleged deprivations do not significantly exceed the inherent discomforts of confinement and do not amount to punishment.

The Court also notes that as relief, Plaintiff requests only equitable remedies, i.e., that he receive his full portions. However, Plaintiff is no longer incarcerated at Lerdo, and he therefore lacks standing to pursue his claims for injunctive relief. Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); Mayfield v. United States, 599 F.3d 964, 969-73 (9th Cir. 2010); Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001).

**D.    ORDER**

In the order dismissing his First Amended Complaint with leave to amend, the Court stated that this would be Plaintiff's final opportunity to amend. Plaintiff has failed to correct the deficiencies, and further leave to amend is not warranted. Akhtar v. Mesa, 698 F.3d 1202, 1212-

///

1213 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, this action is DISMISSED for Plaintiff's failure to state a claim for which relief may be granted.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   **August 23, 2016**              /s/ *Dennis L. Beck*
                                          UNITED STATES MAGISTRATE JUDGE