UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA III<br><br>       Plaintiff,<br><br>    vs.<br><br>FOOD SERVICE,<br><br>       Defendant. | 1:15-cv-01203-EPG-PC<br><br>ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT UNDER RULE 59(e)<br><br>(ECF No. 26.) |

## I.   BACKGROUND

Monico J. Quiroga ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  On August 23, 2016, the Court dismissed this case for failure to state a claim and entered judgment.  (ECF Nos. 24, 25.)  On August 31, 2016, Plaintiff filed a motion to alter or amend the judgment, under Federal Rule of Civil Procedure 59(e).  (ECF No. 26.)

## II.   FEDERAL RULE OF CIVIL PROCEDURE 59(e)

Federal Rule of Civil Procedure 59(e) authorizes a motion to alter or amend a judgment.  In the Ninth Circuit, a Rule 59(e) reconsideration motion is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Wood v. Ryan, 759 F.3d 1117, 1121 (9th Cir. 2014).  "A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999)

(*en banc*) (emphasis original).  A district court may also grant a Rule 59(e) motion to "prevent manifest injustice." Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003).  Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)-(4).

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision. " U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

## III. DISCUSSION

In the motion for reconsideration, Plaintiff sets forth allegations and legal standards which have already been considered by the Court.  Plaintiff does not claim that the Court clearly erred in its analysis of Plaintiff's claims in the complaint, or that there has been an intervening change in the law.   Nor does Plaintiff present any newly discovered evidence.

In the order dismissing the case, the Court explained why the operative Second Amended Complaint failed to state a claim:

> [Plaintiff] again alleges [in the Second Amended Complaint] that his receipt of less than a full portion [of food] was an ongoing problem at Lerdo, but he only identifies one instance when he did not receive dinner, and two days when he received a sack lunch instead of a hot lunch.  As the Court has explained previously, these alleged deprivations do not significantly exceed the inherent discomforts of confinement and do not amount to punishment.
>
> The Court also notes that as relief, Plaintiff requests only equitable remedies, i.e., that he receive his full portions.  However, Plaintiff is no longer incarcerated at Lerdo, and he therefore lacks standing to pursue his claims for injunctive relief.  Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); Mayfield v. United States, 599 F.3d 964, 969-73 (9th Cir. 2010); Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001).

(ECF No. 24 at 4:12-22.)

Plaintiff has not demonstrated that the Court committed clear error in its prior order or that the initial decision was manifestly unjust.  Nor has Plaintiff set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the Court to reverse its prior decision.  Accordingly, Plaintiff's Rule 59(e) motion shall be denied.

## IV.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to alter or amend the judgment, filed on August 31, 2016, is DENIED.

IT IS SO ORDERED.

   Dated:   **September 12, 2016**               /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE